(No. 75-CV-135-▮▮▮▮▮▮▮▮▮▮▮▮)

ROSA LEE HOPKINS BEY, on behalf of LEE HOPKINS BEY, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1975.*

ROSA LEE HOPKINS BEY, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal act of murder that occurred on December 18, 1973, at 513 West 61st Street, Chicago, Illinois. Rosa Lee Hopkins Bey, widow of Lee Hopkins Bey, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant's deceased husband, Lee Hopkins Bey, age 49, was a victim of a violent crime, as defined in §2(c) of the Act to wit:

"Murder", (*Ill. Rev. Stat., 1973, Ch. 38, §9-1*).

2. That on the evening of December 18, 1973, at approximately 4:15 p.m., the victim was returning from work when he was approached by two negro males at 513 West 61st Street, Chicago, Illinois. One of the men pulled a gun and shot the victim through the head. Mr. Gordon Teasley of 513 West 61st, Chicago, looked out of his window, saw a man lying on the sidewalk and called the police.

The victim was transported to St. Bernard's Hospital by squadrol where he was pronounced dead on arrival.

A further and more detailed summary of the facts and information considered by the Courts is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

3. That the claimant has cooperated with the police to the extent possible, but that she has no independent knowledge of the crime. That no arrests have been made in connection with this crime and that the investigation continues.

4. That there was no evidence to indicate that the victim's injuries were attributable to the victim's wrongful act or substantial provocation of his assailants.

5. That there was no indication whatsoever that the victim was a relative of or ever shared the same household with his assailants.

6. That the claimant, Rosa Lee Hopkins Bey, is the

widow of the deceased victim, Lee Hopkins Bey, and was dependent on the victim for her support and that there were no children born of this marriage.

7. That the claimant, Rosa Lee Hopkins Bey, has received $3,000 from the Traveler's Insurance Company, and will receive a widow's pension of $255.00 per month from the Social Security program for the rest of her life or until she remarries. That pursuant to §7(d) of the Act, the aforementioned benefits are exempt when considering the compensation due the claimant.

8. That the claimant incurred burial expenses in the amount of $855.00.

9. That in addition to the burial expenses, the claimant alleges loss of support. The victim was employed by Crown Metal Manufacturing Company of Chicago. His average monthly earnings for the six month period immediately preceding his death were $600 per month. Since this income is more than $500 per month, we are required by §4 of the Act) to use the amount of $500 per month in calculating the claimant's loss of future support from her deceased husband. He was 49 years old when he died. Projecting an income of $500 per month over a period of the decedent's normal life expectancy 24.9 years) according to acturial tables, we arrive at a sum far in excess of the maximum amount that may be awarded under the Act §7(c).

It Is Hereby Ordered as follows:

1. That the claimant, Rosa Lee Hopkins Bey, as widow of the deceased victim of a violent crime, is hereby awarded periodic monthly payments for loss of her husband's support in the sum of $250 per month for a period of 40 months or until her widowhood is terminated by her remarriage, if the later event occurs before the said 40

month period has expired and the maximum amount of $10,000 has been paid. The said periodic payments for support will also be terminated in the event of the death of the claimant.

2. That it is the duty of the claimant to inform this court in writing if she remarries before this award is paid in full, and it is the duty of her personal representative to inform this Court in the event of claimant's death.